NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RHOMNY ABREU, a/k/a  
Daniel Crespo,

        Petitioner,

    v.

UNITED STATES OF AMERICA,

        Respondent.

Civil Action No. 03cv2961(JWB)
(Criminal No. 01-293)

**O P I N I O N**

**APPEARANCES**:

    RHOMNY ABREU, pro se
    # 23971-050
    FPC Seymour Johnson AFB
    P.O. Box 8004 COASTAL-A
    Goldsboro, North Carolina   27533-8004

    CHRISTOPHER J. CHRISTIE
    United States Attorney
    By:  Marion Percell
        Assistant United States Attorney
    Federal Building
    970 Broad Street
    Newark, New Jersey   07102
    (Attorney for Respondent)

**BISSELL**, Chief Judge

    This matter comes before the Court on a motion filed by Petitioner Rhomny Abreu ("Petitioner") pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence as a result of alleged ineffective assistance of counsel.

## BACKGROUND

On September 5, 2001, Petitioner Rohmny Abreu, using the name Daniel Crespo, entered a plea of guilty before the undersigned to distribution and possession with intent to distribute more than 50 grams of cocaine base in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.  Petitioner signed a plea agreement in the name "Daniel Crespo" and agreed to testify against his coconspirators.

In preparation for the trial against his coconspirator, the government learned that the person known to them as "Daniel Crespo" was really Daniel Crespo's brother-in-law, Rohmny Abreu. Petitioner used the identity of his brother-in-law with the government, the Court and the United States Probation Office. Petitioner's brother-in-law had no criminal history.

The presentence investigation report indicates that when Abreu was asked about the alias, he stated that "'he had to cover up' his identity [due to] the 'situation' he was in and that he thought the government knew his real name." PSI 5/15/02 ¶ 36. Despite Petitioner's explanation, the United States Probation Office concluded that an upward adjustment for obstruction of justice was appropriate.  See id. at ¶ 37.  At sentencing, this Court held that an upward adjustment for obstruction of justice was appropriate for Petitioner's use of a false identity, and

sentenced him to 144 months imprisonment.

Petitioner alleges in his present motion that his attorney, James Galdieri, Esq. ("Galdieri" or "Defense Counsel"), was ineffective by refusing to argue self defense in opposition to the obstruction of justice enhancement.

## DISCUSSION

The Sixth Amendment guarantees the accused in all criminal prosecutions "the Assistance of Counsel for his defense." U.S. Const. amend. VI. The "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 684 (1984).

Petitioner's claim that defense counsel's assistance was so defective as to require a reversal of his conviction must satisfy two requirements. See Strickland, 466 U.S. at 687. First, Petitioner must show that counsel's performance was deficient. The term deficient means that the errors made by counsel were so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, Petitioner must show that the deficient performance prejudiced his defense, that is that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Judicial scrutiny of counsel's performance is highly deferential and counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  Id. at 689-90. This Court, in deciding an ineffective assistance of counsel claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case viewed at the time of counsel's conduct and decide whether, in light of all the circumstances, the challenged conduct is outside the wide range of professionally competent assistance.  Id. at 690.

In this case, Petitioner argues that he requested his defense counsel, "to present evidence to support his assertion that the government was aware of his real name from the very beginning, and show proof that he was in imminent danger from retribution." P Br. at Attach. A.  Petitioner states that he, "continually told his defense counsel that he was not trying to mislead the government, and only used the alias to protect his life and that of his family." Id. at Attach B.  Petitioner goes further, stating that, "defense counsel failed to raise this point during sentencing, and this resulted in defendant receiving a significantly longer sentence."  Id.

Upon examination of the trial transcript in its entirety, it becomes clear that defense counsel did in fact adequately litigate Petitioner's claims.  Defendant's counsel argued that

-4-

while Petitioner used a false name, he nonetheless cooperated with the government and offered to testify against his coconspirators.  Mr. Galdieri stated,

> [A]t the time of the entry of the plea of guilty to the indictment, he did enter a plea of guilty to the name of Daniel Crespo, and all things flowing from that plea of guilty were not compromised in any way even if there was a subsequent alias for that particular plea.

Tr. at 4. Mr. Galdieri informed this Court that Petitioner was fearful for his safety and the safety of his family. Furthermore, he informed this Court that Petitioner was beaten. Mr. Galdieri argued,

> At the time of his entry of a plea and during his debriefing he had, on a number of occasions, has told the investigating officers that he was fearful of physical bodily harm either to him or his family.  He had been beaten by one of his other defendants in the other indictment quite severely prior to the time that he entered his guilty plea to this indictment.

Id. at 5.

   Following Mr. Galdieri's presentation to this Court regarding Petitioner's fears, this Court acknowledged Petitioner's proffered reason for using an alias, but rejected that excuse.  This Court felt that an upward adjustment was appropriate and stated:

> the thought that somehow or other he was avoiding the possibility of threats or danger to himself or family I must say falls on very [deaf] ears here.  He took on the identity of

-5-

       his own brother-in-law and under those
       circumstances, which he did, ran the
       possibility of exposure of his brother-in-law
       and/or other family members quite
       extensively.  It's not as though he chose a
       fictitious name or true alias.  It seems to
       me he understood that identity of a real
       person in order [that] the existence of that
       person could be verified.

<u>Id.</u> at 12.

    This Court holds that counsel's trial performance was not so deficient as to deprive Petitioner of the counsel guaranteed to him by the Constitution.  Moreover this Court finds that counsel's actions were reasonable when viewed within the context of this litigation.  Finally, no further entreaties by defense counsel on the "self defense" argument would have made any difference in the Court's sentencing decision.  As a result, Petitioner is not entitled to relief on this claim.

## CONCLUSION

    For the foregoing reasons, Petitioner's petition for relief, pursuant to 28 U.S.C. § 2255, is DENIED.


                            /s/     John W. Bissell
                                JOHN W. BISSELL
                                   Chief Judge
                        United States District Court


DATED:  August 15, 2005